# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-05-222-T |
| | ) |
| GARFIELD COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Marcus Woodson, appearing pro se, is a pre-trial detainee in the Garfield County Detention Facility. He has filed an action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights at that facility, including a denial of his right of access to the courts as well as cruel and unusual punishment in the form of inadequate medical care and conditions of confinement [Doc. No. 1, Complaint]. Plaintiff named two defendants in his case but has served only Defendant Winchester, the Garfield County sheriff [Doc. No. 14]. Plaintiff's summons to Don Vonhagel, identified by Plaintiff as the jail administrator [Doc. No. 1, page 1], was returned as unexecuted and with the notation that Mr. Vonhagel "no longer works for S.O." [Doc. No. 15]. The undersigned has ordered a *Martinez* report in order to develop a record of any factual or legal bases for Plaintiff's claims [Doc. No. 9]. See *Martinez v. Aaron,* 570 F. 2d 317 (10th Cir. 1978). Such Special Report is due to filed on approximately August 15, 2005.

Contemporaneously with his February 23, 2005 complaint, Plaintiff filed what he termed a Motion for Protective and Restraining Order [Doc. No. 2]. In the unsworn document, Plaintiff repeated several of the claims from his complaint – confinement in

a punishment "hole," being served food which had been tampered with, the denial of access to a law library – and claimed that his life was in danger. *Id.* Plaintiff asked the court to "have him removed to Alfalfa County" and "to order Garfield County Jail to restrain from violating his constitutional rights." *Id.*

On March 9, 2005, Plaintiff filed a motion for appointment of counsel, claiming that he was confined in a facility "that has been condemned by the U.S. Dept of Justice for not giving inmates access to the courts." [Doc. No. 7, page 1].

Several months later – May 3, 2005 – the undersigned received a letter, again unsworn, from Plaintiff in which he, once again, claimed that his life was in danger, reciting that he had been the victim of an attempted food poisoning by a jailer, that he had been maced by an officer for no reason and that a supervisor had tried to give him some medication that was not his [Doc. No. 13].

More recently, on July 22, 2005, Plaintiff filed a "Motion for Emergency Injunction Protective Order Due to Life Endangerment W/ Restraining Order Request." [Doc. No. 16]. In this, again, unsworn document, Plaintiff claims that he was recently "cut and stabbed by an associate offender who has intimate ties with the jail administrator," that he has fought off attacks from offenders bribed by authorities of the Garfield County jail, and that his legal papers had been confiscated. *Id.* at first and second pages. It is further claimed that, "Plaintiff was placed into a strip cell in below freezing temperatures for over 72 hours (as of this writing plaintiff is in this cell with not even the necessary necessities to sustain life." *Id.* at second page. Claiming that his life is in danger, Plaintiff alleges that on July 8, 2005, he was physically assaulted by a deputy sheriff and

three officers. *Id.* at fourth page. Plaintiff claims that these actions are related to the dismissal of an indecent exposure charge which had been filed against him[1] and are also part of an effort to pressure Plaintiff into dismissing his lawsuit. *Id.* at second and fourth pages.

Most recently, by letter to the undersigned dated August 3, 2005, Plaintiff advised that he had "reason to believe" that jail officials were intercepting the court's correspondence in an effort to cause Plaintiff to miss filing deadlines and, ultimately, to fail to prosecute this action [Doc. No. 18].

With respect to his requests for injunctive relief, Plaintiff has failed to comply with the basic procedural requirements of Rule 65, Fed.R.Civ.P. His allegations in support of his request for a temporary restraining order/injuctive relief are unsworn and there is no indication that Plaintiff served his request upon the adverse party [Doc. No. 16]. Moreover, Plaintiff did not seek leave of court in conjunction with the filing of his request for injunctive relief, a violation of the undersigned's order of March 29, 2005, which states that "[n]o applications, motions or discovery shall be filed or pending motions considered until the Special Report has been filed, except as this Court may otherwise order." [Doc. No. 9, page 2]. Even, however, had Plaintiff satisfied these procedural requirements, he has failed to satisfy the substantive requirements for the issuance of a

---

[1] Publically-available docket sheets found at www.oscn.net reveal that Plaintiff has been charged in four cases in Garfield County, Nos. 04-883, 05-03, 05-373 and 05-510. The docket sheets further disclose that the latter two cases were filed against Plaintiff for felonies allegedly committed by Plaintiff at the Garfield County Detention Facility. Case No. 05-373, whereby Plaintiff was charged with indecent exposure, was dismissed by the court at the July 6, 2005, preliminary hearing based on the finding that a jail run was not a public place. A felony warrant was issued by the court on July 12, 2005, in Case No. 05-510, ordering Plaintiff's arrest for injury to a public building, specifically to a portion of the fire sprinkler head assembly inside Cell A-4.

temporary restraining order/injunctive relief.

Plaintiff's motion is governed by Rule 65, Fed.R.Civ.P. Preliminary injunctive relief is an extraordinary and drastic remedy that "'should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(*quoting* 11A C. Wright & M. Kane, Federal Practice and Procedure §2948, pp. 129-30 (2d ed. 1995)(emphasis added)). To obtain a preliminary injunction which seeks to preserve the status quo between the parties pending the outcome of the litigation (i.e., a "prohibitory" injunction), the movant must show: (1) substantial likelihood of success on the merits; (2) the threat of irreparable harm if preliminary relief is not granted; (3) threatened harm to the movant that outweighs whatever damage preliminary relief may inflict upon the non-moving parties; and (4) an absence of adverse consequences to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "A mandatory preliminary injunction (i.e., one that directs a party to act) imposes 'an even heavier burden on [the movant] of showing that the four factors listed above weigh heavily and compellingly in movant's favor.'" *U.S. v. Power Engineering Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999)(quoting *Kansas Health Care Assoc., Inc. v. Kansas Dep't of Social & Rehab. Services*, 31 F.3d 1536, 1543 (10th Cir. 1994)).

With these standards in mind, as to Plaintiff's complaint that his legal materials have been confiscated, Plaintiff has been able to consistently file pleadings in his pending civil suits[2] without the aid of the allegedly seized legal materials. Moreover, the docket

---

[2] In addition to the instant action, Plaintiff has filed a second civil rights action in this court – No. Civ-05-778-T – in connection with his incarceration in the Garfield County Detention Center. In fact, Plaintiff has advised that several of the allegations in his July 22, 2005 request for injunctive relief are incorporated in that lawsuit:

sheets in Plaintiff's state criminal actions reflect that Plaintiff is represented there by court-appointed counsel. Accordingly, even were Plaintiff's request for injunctive relief procedurally sound, he has failed to demonstrate that he would suffer irreparable injury in the absence of injunctive relief. The same is true with respect to Plaintiff's claims that he is suffering retaliation at the hands of Detention Center officials, retaliation which has allegedly caused him to fear for his life. Despite claiming since February that he has been and will continue to be the victim of various wrongs including food poisoning, attacks by fellow offenders and law enforcement personnel, placement in a strip cell – a cell allegedly kept at below freezing temperatures in Enid, Oklahoma in July – from which he was drafting his request for injunctive relief, Plaintiff has continued in his ability to communicate with this court[3] and has filed a second civil rights action in which he is seeking damages in the form of monetary relief as reparation for the various wrongs which he alleges have been committed by jail personnel.

With regard to Plaintiff's request for counsel in this case, the undersigned recommends that such motion be denied pending the undersigned's receipt and review of the Special Report, of any dispositive motions and of Plaintiff's response thereto. Plaintiff has demonstrated at this stage of the proceedings that he is capable of articulating his claims. Should the action proceed, Plaintiff's request for appointment of

---

    Plaintiff on June 17th, was cut and stabbed by an associate offender who has intimate ties with the jail administrator. Plaintiff during a period of three weeks has fought off several attacks and authorities of the Garfield County Jail are granting favors to offenders who carry out these assaults. Plaintiff has recently filed another Civil Suit bringing forth these incidents and is still in imminent danger as of this writing.
[Doc. No. 16, first and second pages].

    [3]The state court docket sheets also indicate numerous appearances by Plaintiff in connection with pending state charges.

counsel can be reurged.

Accordingly, because Plaintiff has failed to satisfy the procedural requirements of Rule 65, Fed.R.Civ.P., and because his request for injunctive relief was filed without leave of court, such request should be denied.[4] Plaintiff's request for appointment of counsel should likewise be denied at this stage of the proceedings.

### RECOMMENDATION

It is recommended that Plaintiff's requests for injunctive relief [Doc. Nos. 2 and 16] and Plaintiff's motion requesting appointment of counsel [Doc. No. 7] be denied. The parties are advised of their right to object to this Report and Recommendation by August 31st, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

ENTERED this 10th day of August, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[4] In light of this recommendation, it is not necessary to address the power of this court to effectuate the relief sought by Plaintiff, that is, the transfer of Plaintiff from one Oklahoma county facility to another [Doc. No. 2] or from state to federal custody [Doc. No. 16].