IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-05-222-T |
| | ) | |
| GARFIELD COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff, a pretrial detainee appearing *pro se*, brought this action pursuant to 42 U.S.C. §1983, alleging that defendants have violated his constitutional rights. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings.

When he filed the complaint in this action, plaintiff also filed a pleading entitled "Motion for Protective and Restraining Order" [Doc. No. 2]. Subsequently, he filed a motion for appointment of counsel [Doc. No. 7] and a "Motion for Emergency Injunction Protective Order Due to Life Endangerment W/Restraining Order Request" [Doc. No. 16].

On August 10, 2005 the magistrate judge filed a Report and Recommendation [Doc. No. 19] in which she recommended that plaintiff's requests for injunctive relief [Doc. Nos. 2 and 16] and his motion for appointment of counsel [Doc. No. 7] be denied. In the Report and Recommendation, the magistrate judge also advised plaintiff of his right to object to same and scheduled an August 31, 2005 deadline for filing objections; she further cautioned plaintiff that his failure to timely file objections would result in a

waiver of his right to appellate review of the matters determined in the Report and Recommendation.

The August 31, 2005 deadline has expired, and plaintiff has not filed an objection to the Report and Recommendation. However, plaintiff has filed a "Motion for Reconsideration of Appointment of Counsel" [Doc. No. 32]. In that motion, plaintiff does not address the findings or conclusions in the Report and Recommendation with regard to his requests for injunctive relief; neither does he specifically assert objections to the findings or conclusions regarding the motion for appointment of counsel. Instead, he refers to his request as a second motion for appointment of counsel and asserts arguments related, at least in part, to events occurring after the Report and Recommendation was filed.

The court also notes that the Report and Recommendation does not dispose of all matters referred to the magistrate judge, as it is limited to plaintiff's initial requests for injunctive relief and the appointment of counsel. Thus, the substance of the complaint and the other motions subsequently filed by the parties continue to be the subject of the existing order of referral [Doc. No. 5].

Having fully reviewed the file and noting plaintiff's failure to object to the Report and Recommendation, the court adopts the Report and Recommendation [Doc. No. 19] in its entirety. Accordingly, plaintiff's "Motion for Protective and Restraining Order"[Doc. No. 2], his "Motion for Emergency Injunction Protective Order Due to Life Endangerment W/Restraining Order Request" [Doc. No. 16], and his motion for appointment of counsel [Doc. No. 7] are DENIED. The court construes plaintiff's "Motion for Reconsideration of Appointment of Counsel" [Doc. No. 32] as a new motion for appointment of counsel based on events subsequent to the filing of the Report and Recommendation and concludes that same should be initially addressed by the magistrate judge, along with the other matters remaining under referral to the magistrate judge. The existing order of referral [Doc. No. 5] remains in

effect as to all matters other than the three motions [Doc. Nos. 2, 7 and 16] addressed in this order.

IT IS SO ORDERED this 9th day of September, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE