IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-222-T |
| ) | |
| GARFIELD COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

The matters before the Court are a Report and Recommendation filed November 30, 2005 [Doc. 52], and a Report and Recommendation filed December 14, 2005 [Doc. 55]. Both were issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Also, with an objection to the first Report, Defendant Bill Winchester (the only defendant served) has filed a motion to amend his answer [Doc. 57]. These matters are at issue.

The December 14 Report merits no discussion. It recommends denial of Plaintiff's motion for a default judgment and summary judgment [Doc. 49] and Defendant's motion to strike that motion [Doc. 53]. The record reflects no timely objection to this Report. Thus the parties have waived further review of these rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The November 30 Report recommends denial of Defendant's motion to dismiss [Doc. 46] and Plaintiff's motions for issuance of a subpoena duces tecum [Doc. 42] and court-ordered access to a law library [Doc. 43]. Only Defendant has filed a timely objection. The Court must make a de

novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant challenges the recommended disposition of his motion, which seeks dismissal of this § 1983 action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Defendant claims Judge Roberts wrongly finds a procedural deficiency in the motion because it was filed pursuant to Fed. R. Civ. P. 12(b)(6) after he had answered the complaint. He contends the motion should be decided under Rule 12(c) as a motion for judgment on the pleadings – as permitted by Rule 12(h)(2) and suggested by *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 n.4 (10th Cir. 2003) – because the exhaustion issue cannot be waived. *See id.* at 1209.

The Court rejects these arguments under the circumstances. A motion for judgment on the pleadings was not available here because Plaintiff's complaint and Defendant's answer both aver the exhaustion requirement has been satisfied and, as noted by Judge Roberts, the record contains insufficient information to evaluate these averments. *See* Compl. at 13; Answer at 3; Report at 2 n.1.[1] Defendant's perfunctory motion, which provides no administrative materials nor citations to the record, states only that Plaintiff has failed to provide documentation concerning all grievances and thus had failed to show total exhaustion. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004). It is unclear, however, whether the Garfield County jail has an administrative process that requires, or even permits, written grievances for all matters.

---

[1] The Prison Litigation Reform Act requires only that "such administrative remedies as are available [must be] exhausted." 42 U.S.C. § 1997e(a). Here, the record contains no information about administrative remedies available to inmates of the Garfield County jail. Plaintiff avers generally that he sought informal resolution of all complaints by filing administrative grievances and making requests to staff. Nothing in this record suggests Garfield County's procedures require more.

In sum, Judge Roberts has correctly decided on the existing record not to treat Defendant's dispositive motion as one for judgment on the pleadings. This is not to say Defendant should be precluded from presenting the exhaustion issue for decision if Plaintiff actually failed to utilize available administrative procedures for some claims. Further development of the record would be needed, however, before a determination of this issue could be made.[2]

Defendant bases his objection, at least in part, on a contemporaneous motion to amend his answer. Defendant seeks to withdraw the admission of administrative exhaustion, which he now says was improvidently made through error or inadvertence. Although the motion cites no legal authority, the request is governed by Fed. R. Civ. P. 15(a), which mandates leave to amend "be freely given when justice so requires." Plaintiff's opposition to this motion presents no cognizable reason why an amendment should be denied. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (denial "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment"). The only countervailing factor arguably shown by the record is untimeliness, since the scheduling deadlines set by Judge Roberts have passed. No prejudice from the delay is apparent, however, because a new dispositive motion deadline may be needed to permit clarification of Plaintiff's claims or further factual development. *See Ross*, 355 F.3d at 1212 (a motion for summary judgment "limited to the narrow issue of exhaustion and the

---

[2] In addition to the inconsistency between Defendant's dispositive motion and his pleading, his motion challenges the exhaustion of claims as to which Plaintiff's pleading is unclear. For example, one page of Plaintiff's complaint lists a litany of allegedly deficient jail conditions but this list is unsupported by factual allegations suggesting these conditions impacted Plaintiff.

prisoner's efforts to exhaust" may be appropriate if additional factual material is needed).[3] Therefore, the Court finds Defendant's motion to amend should be granted.

## CONCLUSION

For these reasons, the Court adopts the Report and Recommendation of November 30, 2005 [Doc. 52] and the Report and Recommendation of December 14, 2005 [Doc. 55]. The following motions are DENIED: Plaintiff's Motion for Subpoena Duces Tecum [Doc. 42]; Plaintiff's Motion for Order to Allow Access to Law Library [Doc. 43]; Defendant's Motion to Dismiss [Doc. 46]; Plaintiff's Motion for Default Judgment and Summary Judgment [Doc. 49]; and Defendant's Motion to Strike [Doc. 53].

In addition, Defendant's Motion to File an Amended Answer [Doc. 57] is GRANTED. Defendant may file his proposed amended answer within five (5) days from the date of this Order.

The prior Order of Referral [Doc. 5] pursuant to 28 U.S.C. § 636 remains in effect as to all other issues.

IT IS SO ORDERED this 15th day of September, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

---

[3] Recent legal developments also draw into question the general rule of dismissal without prejudice in all cases involving unexhausted claims. *See, e.g., Kikumura v. Osagie*, — F.3d —, 2006 WL 2578805, *17 (10th Cir. Sept. 8, 2006) ("Although procedurally-barred claims are generally considered to be unexhausted under the PLRA for purposes of determining whether they may be pursued in court, we hold that such claims should be treated as exhausted for purposes of the total exhaustion rule.").